GILLETT v. MASER.

SPECIFIC PERFORMANCE—ORAL CONTRACT TO CONVEY — EVIDENCE
—SUFFICIENCY.

On a bill for specific performance of an oral contract to con-
vey land in consideration of complainant's agreement to
move upon one of the parcels of land involved and furnish
board and lodging for defendants' testator, evidence exam-
ined, and *held,* not to show the making of the alleged agree-
ment.

Appeal from Ingham; Wiest, J. Submitted June 18,
1907. (Docket No. 108.) Decided September 20, 1907.

Bill by Clara Gillett and Charles Gillett against John
J. Maser, executor of the last will and testament of Wil-
liam S. Allen, deceased, and others, for the specific per-
formance of a land contract. From a decree dismissing
the bill, complainants appeal. Affirmed.

*L. B. Gardner,* for complainants.

*Charles F. Hammond* (*Jason E. Nichols,* of coun-
sel), for defendants.

HOOKER, J. Complainants' bill prays the specific per-
formance of an alleged oral contract for the conveyance
of real estate, in consideration of complainants' agreement
to move upon one of the two parcels of land involved, and
furnish board and lodging for one W. S. Allen, the owner,
during the remaining years of his life.

The case is purely one of fact, and the controlling ques-
tion relates to the terms of the agreement, under which
the complainants moved upon the premises and rendered
service for Mr. Allen. It is unnecessary to discuss the
testimony at great length. The complainants' mouth is
closed by the statute, and there is no positive evidence of

the transaction. Mrs. Gilbert's children testify to admissions made by Allen, tending to show the terms of the agreement to have been as claimed by the complainants, while acquaintances of the parties relate conversations corroborative of such claim. The former are shaken by some inconsistencies, while the latter are consistent with another version. But the conduct of the complainant and her husband, both before and after Allen's death, is out of harmony with the claim now made, and we are convinced that the agreement alleged was not made, although we incline to the opinion that the deceased at times contemplated, if he did not intend, to give the property to the complainants at his death. This result was reached by the careful judge who tried the cause below, and who saw and heard the witnesses, which increases our confidence in the correctness of our conclusion.

The decree is affirmed, with costs.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.