## PUDDY v. SHARPE.

Specific Performance—Frauds, Statute of—Performance.

In suit for specific performance of alleged contract whereby plaintiff was to leave his home in England, come to this country, live with and care for his granduncle, and, at latter's death, have all of his estate, evidence *held,* sufficient to establish said contract and performance by plaintiff, saving it from operation of statute of frauds, and entitling plaintiff to relief sought.

Appeal from Bay; Houghton (Samuel G.), J. Submitted June 5, 1929. (Docket No. 59, Calendar No. 34,358.) Decided October 7, 1929.

Bill by George Puddy against Edward M. Sharpe, administrator of the estate of John Puddy, deceased, and others for the specific performance of a contract. From a decree granting specific performance, defendants other than the administrator appeal. Affirmed.

*J. L. McCormick,* for appellee.

*Louis James Rosenberg, J. Andrew Tolonen,* and *Gilbert W. Hand,* for appellants.

Wiest, J. The bill herein was filed to obtain specific performance of an alleged contract under which plaintiff was to live with and care for John Puddy, and, at his death, have all of his estate.

John Puddy was born in England, came to this country in 1872, settled on a small place near Bay City, became a naturalized citizen, engaged in gar-

On right to specific performance of contract to leave property in consideration of support, see annotation in 44 L. R. A. (N. S.) 733.

dening, never married, and his only relatives were a niece and grandnephews and grandnieces, all residing in England. Pneumonia caused John Puddy's death in May, 1928, at the age of 78 years. He died intestate, leaving an estate valued at $9,768.93. He was somewhat crippled by a fall from a wagon, had rheumatism, and was feeble. He was plaintiff's granduncle. Plaintiff, in 1927, lived in England, was 27 years of age, and had no means. Neighbors and friends of John Puddy, concerned about his helpless condition, suggested to him that he should get someone to care for him. In his need John Puddy's thoughts turned to his relatives in England, and he had one of his neighbors write to plaintiff's mother asking if someone could come over and care for him. Plaintiff was willing to come. Considerable time elapsed before he started, during which John Puddy executed the necessary affidavits required by the immigration authorities, and stated therein, among other things:

"That applicant (plaintiff) desires to come to the United States because I am in poor health and I need his care."

John Puddy furnished plaintiff with passage money, railroad fare, and entry tax, and plaintiff arrived here March 4, 1928, and at once assumed the care of John Puddy and of his affairs.

Plaintiff claims that he came from England, took care of John Puddy, and managed his affairs under an agreement to have the estate at the death of John Puddy.

The statute prevented plaintiff from testifying to an agreement, and plaintiff's case was made to rest upon declarations of John Puddy and the facts and circumstances tending to show the contract.

The decree in the circuit court granted plaintiff specific performance. Defendants, other than the administrator of the estate of John Puddy, deceased, appealed.

We think the contract established by the proofs. John Puddy said to his neighbor, Charles Marshall, that he did not want strangers to have any of his property, and "intended to get some of his own people from the old country to come out and take care of him, and alluded that they would receive what he had." He told John Hartley, former sheriff and then member of the Bay county road commission, that:

"He had a boy coming to stay with him and take care of things for him as long as he lived; that this boy was going to stay with him and take care of and look after him. * * * He said the boy was coming here to take care of him, and what he left would give the boy a start, I think that is the words he used at that time."

We omit mention of other testimony of like import. The disclosed circumstances indicate a contract relation, and John Puddy's declarations were of an agreement rather than of a mere intention. Plaintiff changed the tenor of his life and performed the agreement. We find the contract established and that there was performance saving it from operation of the statute of frauds. We recognize, and have exercised the caution required in cases of this character.

The decree in the circuit is affirmed, with costs against appellants.

NORTH, C. J., and FEAD, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.