This is an appeal from a decree of the trial court granting specific performance of an alleged contract to leave property by will or otherwise. *Page 46 
Augustus C. Cramer, deceased, was a man lacking formal education as is apparent from his correspondence. He was 74 years old at the time of his death, a bachelor, and had always lived alone except during periods when he had hired men to stay with him. Plaintiff, Andrew J. Bell, was an unskilled mine worker, about 40 years of age, with very limited education. They met and became friends in 1930, about eight years before Mr. Cramer died, and an affection soon developed between them closely akin to that of father and son. They corresponded, and it is upon two of the letters written by deceased to plaintiff that the alleged contract is based. As shown by his letters, Cramer had, for several years, been urging plaintiff to come and live at his place and find work in that vicinity. He consistently expressed a desire to have plaintiff with him. In a letter written by plaintiff to Cramer on May 23, 1938, he said he would come if Cramer thought there was farm work he could obtain and if he would loan him $2 for transportation. At this time plaintiff was living in West Virginia and was out of employment. Upon receiving the letter, deceased, on May 26, 1938, replied as follows:
"Helo Andy Boy. I will Write you this Evening To let you know I got Got your letter O. K. I am sending you two Dolars And hope you will come through O. K. and soon. As I nede you here with Me as iam not in very good shape but i think as soon as the Weathe clears up i will feel more like myself again. But you get coming. You will not be soury that you come Be cause I want yuo to have all that I have and leave when I am Dead. Exsept two pins. I will tell you when you get Here who i want to have them And I want you have all the Balance, and I will have it fixt so as soon as I get to Fell like myself. Well Boy I hope I will see you soon.
From Guss CRAMER." *Page 47 
On June 4, 1938, plaintiff replied, stating he had received the money and planned to leave around the 15th of June. However, before deceased received this letter, he sent the following to plaintiff.
"Hello Andy. I sent you two one dollar bills in an envelop the size of this two weeks ago and have heard nothing more from you. If you did not get it let me know at once so I can send a tracer after it.
"and you come on soon as I want you to stay with me and I want you to have my little wad when I kick off.
"As I know you will cary my wishes, out for I will tell you when you get here, so come as soon as possible.
GUSS CRAMER."
Plaintiff arrived about the middle of the month but was there less than three weeks before Cramer was taken to the hospital where he died.
There was also testimony by witnesses of declarations made by deceased to them that he was going to leave his property to plaintiff.
Before specific performance can be decreed a contract must be shown, for regardless of the equities in a case, the court cannot make a contract for the parties when none existed. Our inquiry must be directed to the question as to whether plaintiff established a contract whereby deceased was to leave his property to plaintiff if the latter would come and live with him until he died.
One seeking specific performance of a contract to leave property by will has the burden of proving the contract.Nix v. Jensen, 282 Mich. 195. It was held in Kraus v.Vandevanter, 237 Mich. 168, that to authorize a decree for specific performance there must be a contract to enforce and that the burden is on those who seek such relief to establish the contract. *Page 48 
Because of the statute barring testimony equally within the knowledge of deceased,* plaintiff could not testify as to the agreement and his case, therefore, rests on the letters, the declarations of deceased, and the circumstances surrounding the matter.
The two letters are the only ones that contain statements regarding an intent to leave property. But a careful reading of them fails to disclose a contract between the parties. They do not refer to, or in any manner acknowledge, an existing contract. Neither can the language be said to be an offer to enter into a contract. They are merely statements of a present intention and were probably written for the purpose of helping plaintiff to make up his mind to come north. If deceased had intended to enter into an agreement he could and probably would have expressed it in more apt terms.
To further support his claim, plaintiff introduced testimony of the oral declarations of deceased that he was going to leave his property to Mr. Bell. This type of evidence must be closely scrutinized for, as was said in Boam v. Greenman, 147 Mich. 106, such testimony is the least satisfactory evidence for the establishment of disputed facts. The declarations, even when considered with the letters, show no more than an unexecuted intention to leave property. Deceased was not proficient in the use of the English language, so his intent must be found by considering what he said as a whole rather than by looking to single words or phrases. Proof of an unexecuted intention is insufficient to warrant a decree of specific performance. A contract must be proved. Paris v. Scott, 267 Mich. 400; King
v. Luyckx, 280 Mich. 117. *Page 49 
The case is very similar to Moyer v. Hafner, 272 Mich. 52, where the court, after reviewing all the evidence, held it was not sufficient to establish the contract. It is clearly distinguishable from Puddy v. Sharpe, 248 Mich. 147, where the contract was upheld. In the absence of other than mere declarations, the factor that the court considered was whether the person claiming the contract had changed the tenor of his life in performance thereof. If there is such a change as to be unusual for the average person, then the fair inference would be that the parties had a contract. But such circumstances are not present in the instant case, so the declarations cannot be read in the light of that inference. Plaintiff did not forego anything when he moved in with deceased, nor change greatly his mode of life. Rather, he bettered his condition, for he attained more security than he had known previously.
Considering the record in a light most favorable to plaintiff, it fails to support the finding of the trial court.
The decree is reversed and one shall be entered dismissing plaintiff's bill of complaint, with costs to appellant.
SHARPE, C.J., and BOYLES, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.
* See 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914). — REPORTER. *Page 50