VANDERCOOK v. KURTZ.

1. SPECIFIC PERFORMANCE—ORAL AGREEMENT TO LEAVE REAL PROPERTY—EVIDENCE.

Oral agreements to leave real property to obligee upon death of obligor must be proved by clear and convincing evidence before specific performance of such an agreement will be ordered.

2. APPEAL AND ERROR—SPECIFIC PERFORMANCE—ORAL AGREEMENT TO LEAVE REAL PROPERTY—DECLARATIONS OF DECEASED—FINDINGS OF TRIAL JUDGE.

> In suit for specific performance of an oral agreement to leave real property upon death of alleged obligor, testimony as to declarations made by deceased will be closely scrutinized and great weight placed upon findings of trial judge who heard and could see the witnesses.

3. SPECIFIC PERFORMANCE—MOTHER'S ORAL AGREEMENT TO LEAVE FARM TO SON—EVIDENCE—SUBSEQUENT CONDUCT.

> In son's suit for specific performance of mother's alleged oral agreement to leave her farm to him upon her death if he would come and live on the farm, take care of her and work it during the rest of her life, record *held*, insufficient to establish such agreement, especially in view of testimony that plaintiff failed to assert ownership of the farm when the administrator demanded rent from him and his statement to undertaker that farm was owned by deceased and that there were no incumbrances thereon; hence it was proper to dismiss bill of complaint.

Appeal from Monroe; Golden (Clayton C.), J. Submitted January 10, 1941. (Docket No. 60, Calendar No. 41,446.) Decided March 11, 1941.

Bill by Roy Vandercook against Otto C. Kurtz, administrator of the estate of Esther M. Vandercook, deceased, and others to compel specific performance of an alleged oral contract of deceased. Decree for defendants. Plaintiff appeals. Affirmed.

*Oliver J. Golden* and *William H. Fallon,* for plaintiff.

*Edgar G. Gordon,* for defendants.

CHANDLER, J. This is a suit in equity for specific performance of an alleged oral contract to give or bequeath real property.

It is claimed that Esther M. Vandercook, deceased, entered into an oral agreement with plaintiff, her son, to leave the farm she owned to him if he would live with her, take care of her, and work her farm during the rest of her natural life. The agreement was alleged to have been made in 1926, and from then until her death in March, 1940, plaintiff lived with his mother and worked the farm. Mrs. Vandercook died intestate and this suit was brought against her administrator and heirs. The circuit judge found there was not sufficient proof of the alleged contract and entered a decree dismissing the bill of complaint. It is from this decree that plaintiff appeals.

Like most cases of this nature, the only question involved is one of fact. The principles of law applicable are too elementary to need citations. Such oral agreements must be proved by clear and convincing evidence. The testimony as to declarations made by the deceased will be closely scrutinized and great weight will be placed on the findings of the trial judge who heard and could see the witnesses.

The testimony offered by plaintiff and defendants was conflicting, and it would be of no benefit to restate it all here. It is often difficult to secure proof in this type of case because of the statute barring testimony of facts equally within the knowledge of the deceased.* It closes the mouth of the plaintiff, and such agreements are not usually made known to third parties. But, nevertheless, it must be proved and when facts inconsistent with plaintiff's allegations are shown they will readily negative the claim. As pointed out by the trial judge, plaintiff's own conduct after the death of his mother throws the

---

* 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).—REPORTER.

greatest doubt on the existence of the alleged oral contract. If such an agreement had in fact existed, the natural thing for plaintiff to have done would have been to assert his claim when the administrator talked with him about the disposition of the farm.

This plaintiff did not do. The record discloses that after defendant Kurtz had been appointed administrator of decedent's estate, he went to the farm and talked with plaintiff about leasing the farm, and that plaintiff desired to lease the same on a share basis, the estate to receive one third. The administrator demanded $200 per year as rental, which plaintiff refused to consider. At that time, he made no claim whatsoever to any right in the farm. It further appears from the record that when plaintiff and his brother, William, visited the undertaker to make arrangements for the burial of their mother, they both stated that the farm was owned by deceased, and that there were no incumbrances of any kind against it.

There was testimony supporting the claim of plaintiff that a contract existed between plaintiff and decedent, which was given by plaintiff's son, his son's wife, her parents, and by two witnesses who were not relatives. There was testimony offered on the part of defendants by disinterested witnesses as to conversations with deceased in the presence of plaintiff, wherein deceased stated that plaintiff wanted her to give him a deed of the farm, but that she had refused to do so because she wanted her property equally divided between her children. The testimony further showed that decedent was the widow of a civil war veteran and received a pension which she used for the support of herself and plaintiff who resided with her.

Failure of plaintiff to assert in any way his alleged right when rent was demanded of him by the

administrator, together with the testimony of these disinterested witnesses as to statements made by deceased in plaintiff's presence, fully justified the trial court in finding that plaintiff had not met the burden of proof required of him, and compelled the dismissal of the bill of complaint. See *Boam* v. *Greenman,* 147 Mich. 106; *Gillett* v. *Maser,* 149 Mich. 517; *Schulz* v. *Steffey,* 275 Mich. 409; *Tincknell* v. *Ward,* 285 Mich. 47.

The decree is affirmed, with costs to defendants.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, MC-ALLISTER, WIEST, and BUTZEL, JJ., concurred.