MINASIAN v. BOYCE.

1. Specific Performance—Oral Contract to Devise Realty—Burden of Proof—Matters Equally Within Knowledge of Deceased.

Ceased.
   The burden of proof is on plaintiff in suit for specific performance of an oral contract to devise real property to establish such contract by clear and convincing proofs, a burden which is not lessened in any way by the statute barring testimony of facts equally within the knowledge of the deceased (CL 1948, § 617.65).

2. Appeal and Error—Chancery Cases—De Novo Review—Findings of Trial Court.
   The Supreme Court hears chancery appeals de novo on the record, but is mindful of the advantage possessed by the trial judge in hearing and observing the witnesses; hence, much weight is accorded to his findings.

3. Specific Performance—Oral Contract to Devise Property—Burden of Proof—Evidence—Contracts.
   Plaintiff, daughter-in-law of deceased, whose alleged oral contract to devise real property to plaintiff and her husband

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 57 Am Jur, Wills § 197.
[2] 3 Am Jur, Appeal and Error §§ 815, 895.

or survivor is sought to be ·specifically enforced *held,* not to have sustained burden of proof that contract had been made, that plaintiff had advanced moneys to which she was entitled to return or that she.was entitled to compensation by reason of an express or implied contract.

Appeal from Wayne; Maher (Thomas F.), J. Submitted June 10, 1954. (Docket No. 31, Calendar No. 46,127.) Decided September 8, 1954.

Bill by Elizabeth Minasian, in her individual capacity and as special administratrix of the estate of Edward Minasian, deceased, against Sam Boyce, individually and as administrator of the estate of Lena Minasian, deceased, and Leah Greco, for specific performance of oral contract to devise property or, in the alternative, to impress trust on property to secure repayment of money. Decree dismissing bill. Plaintiff appeals. Affirmed.

*Thomas L. Thomson,* for plaintiff.

*Berniece C. Merrill,* for defendants.

Bushnell, J.   Plaintiff Elizabeth Minasian, individually and as special administratrix of the estate of her deceased husband, Edward Minasian, sought specific performance of an oral agreement to devise land and bequeath personalty which she claims she entered into with Lena Minasian during her lifetime or, in the alternative, a decree impressing a constructive trust on the property of the estate of Lena, who was the mother of Elizabeth's deceased husband, Edward.

The record shows that prior to June, 1942, Elizabeth and her sister, Anelia, were roomers in the home of Lena and Jacob Minasian in the city of Detroit. Following Elizabeth's marriage to Edward, she and her husband continued to live in the home of the

parents, as did her sister. In 1943 Lena purchased another home. She took title thereto in the name of herself and husband, and gave a purchase-money mortgage for $4,500. In April of 1944, the parties moved into the new home, a 2-family flat. The Minasians thereafter occupied the lower flat and rented out the upper.

Elizabeth contends that, because Lena did not have sufficient funds to purchase the home and the furnishings, she and her husband agreed with the parents that each family would pay one-half of the cost of the furniture and the furnishings, and that Elizabeth would advance money from time to time to apply on the mortgage, with the understanding that, upon the death of Lena and Jacob, everything would go to Elizabeth and her husband or the survivor.

A furniture bill, dated April 19, 1943, showing Lena as the purchaser, was made a part of the record. A bank deposit book covering the joint account of Elizabeth and Edward indicated a withdrawal of $1,500 on November 29, 1943. A discharge of the mortgage on the new property, which bears the date of July 13, 1944, was also received in evidence.

Early in 1944 Lena suffered a stroke, became paralyzed and was unable to move about for a period of time, which conflicting testimony established as from 3 weeks to 6 months. During the period Elizabeth quit her job as a waitress and remained at home in order to nurse Lena and take care of the household duties. Later that year disputes arose between Elizabeth and Lena, with the result that, although ordered to leave the home, Elizabeth refused or, rather, said she would move if Lena would pay some indefinite sum of money that Elizabeth claimed was due her. There is no showing that any money was paid or that anything was given Elizabeth. How-

ever, she and her husband moved out of the home several weeks thereafter.

Plaintiff's sister and a friend of the elder Minasians offered testimony to the effect that Lena had stated that her money and everything that she possessed would go to Elizabeth. Other witnesses testified to the services performed by Elizabeth. Defendant Leah Greco, one of Lena's 2 children by a former marriage, who was joined as a defendant, testified that Lena had admitted owing Elizabeth some money and was willing to pay it. She further said that Edward told her later that the money had been paid.

The question presented for determination here is whether the testimony established the claimed oral agreement, the trial judge being of the opinion that it had not. The burden is always upon the plaintiff in such cases to establish the agreement by clear and convincing proofs. *Vandercook* v. *Kurtz,* 297 Mich 87. This burden is not lessened in any way by the statute which bars the testimony of facts equally within the knowledge of the deceased. CL 1948, § 617.65 (Stat Ann § 27.914).

Notwithstanding the rule that chancery appeals are heard on the record *de novo,* we are always mindful of the advantage possessed by the trial judge in hearing and observing the witnesses and, therefore, accord much weight to his findings. In this instance it is important to consider the view expressed by the trial court in its opinion, a portion of which reads:

"It is the position of the plaintiff that she advanced $1,500 to the deceased on November 29, 1943, and that this sum was used to purchase the new property on Grand avenue. However, it must be observed that the particular property that the plaintiff speaks of was bought by the deceased, Lena Minasian, on September 30, 1943, and that a deed was executed to the deceased, Lena Minasian, as of

that ·date, from the Equitable Life Assurance Society of the United States, and that on October 4, 1943, a mortgage was had from the same grantor in the amount of $4,500. So the court can come to only one conclusion; that the $1,500 as claimed and as advanced by the plaintiff was not used for the purchase of this particular home.

"The court further is of the opinion that the relationship as existing between the son-in-law [son?] and daughter-in-law and the father-in-law and mother-in-law is nothing more than that they lived in the particular home and contributed to the upkeep of the said home as was their duty or as they felt was their share.

"Plaintiff further claims that if the oral agreement cannot be enforced, that she be entitled to the return of the moneys advanced. * * *

"The court further is of the opinion that no moneys were advanced by the plaintiff other than that which was necessary as their share of the maintenance of the home in which they lived. Therefore, plaintiff's bill of complaint is dismissed, with costs to the defendant."

The court, noting that the suit was instituted the 23d of May, 1951, also included in the written opinion the following statement:

"The suit * * * was started * * * approximately 7 years after plaintiff left the home of the deceased, Lena Minasian. The court believes that the statute of limitations, if there were any sums advanced, would bar recovery at this time. The court believes also that the delay in the starting of this action by the plaintiff amounts to an abondonment of their claim."

The rules in such cases were recently restated in *Sheardy* v. *Baker,* 323 Mich 364, to which reference is made without quoting therefrom.

We have examined the testimony in the light of these rules and are constrained to agree with the

trial judge that the plaintiff has not sustained the burden of proof. We are also constrained to hold, in view of the testimony, that plaintiff did not establish any grounds entitling her to compensation by reason of an express or implied contract. See authorities cited in our recently considered case in *In re Oversmith's Estate,* 340 Mich 104. We cannot find testimony in the record before us to justify overruling the finding of the circuit judge. Having reached our decision on insufficiency of proof, there is no reason to pass upon the question of the statute of limitations and laches raised in the quoted paragraph of the trial judge's opinion.

The decree is affirmed, with costs to defendant.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.