## LUGAUER v. HUSTED.

1. CONTRACTS—ESTATES OF DECEDENTS—EQUITY WILL NOT INTERFERE WITH DEFENDANT'S POSSESSION OF PROPERTY WHERE SHE WAS ENTITLED TO IT BY CONTRACT.

In a suit by the heirs at law of deceased to set aside a probate order assigning the estate to defendant, a niece of deceased's wife, as "daughter and only heir," where the evidence shows that although defendant had no right to the property as an heir at law, she was entitled to it under a contract with deceased and his wife, equity will not disturb her possession of it.

2. SAME—VALIDITY OF CONTRACT.

It was competent for deceased to make an oral agreement with his wife, communicated to and relied on by defendant, that they would make wills in favor of each other,

and that the survivor would in turn devise and bequeath all property which he or she might have at death to defendant.

3. SAME—REAL PROPERTY—ORAL CONTRACT—PARTIAL PERFORMANCE —STATUTE OF FRAUDS.

The contract, having been fully performed on the part of deceased's wife, and she and deceased having had the affection, society and services of defendant as a daughter in reliance upon said contract, it is not void, under the statute of frauds, in regard to the real estate, and equity will give effect thereto.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted June 10, 1924.    (Docket No. 56.)    Decided July 24, 1924.    Rehearing denied October 6, 1924.

Bill by Joseph Lugauer, I, and others against Helen Husted and others to set aside a settlement of an estate and for an accounting.    From a decree dismissing the bill, plaintiffs appeal.    Affirmed.

*William E. Henze*, for plaintiffs.

*Henry C. L. Forler* and *Barbour & Martin*, for defendants.

CLARK, C. J.    Plaintiffs have appealed from a decree dismissing their bill of complaint.    Defendant Helen Husted filed a petition for the appointment of an administrator of the estate of Martin Lugauer, stating therein that she was the daughter and heir at law of the deceased.    Letters of administration were issued to John G. Wellmer.    Defendant National Surety Company was the surety on his bond.    The final account was filed, with prayer for its allowance and the assignment of the residue to "Helen Husted, daughter and only heir."    The account, on January 23, 1920, was examined and allowed and the residue assigned accordingly, and the administrator was discharged and Mrs. Husted received $4,017.49, personal

estate, and real estate which she sold and conveyed on the same day to defendant Bettinger for $2,000. She was not by nature or by adoption a daughter of the deceased.   Plaintiffs are the heirs at law.   They reside in Germany.   They filed this bill December 14, 1921, praying that the probate order assigning the estate to Mrs. Husted be set aside, that defendant Wellmer, the administrator, and the surety on his bond be held and decreed to pay, that the deed to Bettinger be set aside, and that he account for rents and profits.   Mrs. Husted seeks to justify her having the property by claiming a contract that it was to be given to her by testamentary disposition.

Mrs. Husted's maiden name was Rohde.   About 1892, when she was 10 years of age, she came from Germany and made her home in Detroit with her aunt, her mother's sister, and her uncle, Mr. and Mrs. Adamsack, who were childless.   She was enrolled in school and confirmed in church under the name of Adamsack.   She lived in the home until about 1897, when she was committed to the House of the Good Shepherd because of a claimed delinquency.   She remained there two years.   Later, she was employed in domestic service, chiefly, until 1905, when she married and went to Toledo to live.   Mr. Adamsack died about 1895.   In 1898, the widow married said Martin Lugauer, nearly 20 years her junior.   No child was born of the marriage.   Mrs. Lugauer owned a home.   It was sold, and the proceeds used to purchase the real estate in question.   Mr. and Mrs. Lugauer made wills in favor of each other, with the definite parol agreement and understanding, communicated to and relied on by Mrs. Husted, that the survivor would in turn devise and bequeath all property which he or she might have at death to Mrs. Husted.   Mrs. Lugauer predeceased her husband. He, according to the agreement, by her will acquired all her property.   But he died intestate.   The re-

lations between Mr. and Mrs. Lugauer and Mrs. Husted were friendly. She was known as their daughter. Mrs. Adamsack, later Mrs. Lugauer, was known as her mother. They spoke of each other as mother and daughter. The trial judge found, correctly, that Mrs. Husted "has rendered many services for their (Mr. and Mrs. Lugauer) needs and comforts."

Mrs. Husted had no right to take this property, as she did, as an heir at law. But, if she had the right to take and have it under the contract, equity will not disturb her possession of it. It was competent for Mr. Lugauer to make the agreement binding himself to make this disposition of his property by will. *Faxton* v. *Faxon,* 28 Mich. 159. That the contract was made is established. But is the contract, resting partly in parol, void under the statute of frauds as regards the real estate? This is answered by *Carmichael* v. *Carmichael,* 72 Mich. 76 (1 L. R. A. 596, 16 Am. St. Rep. 528). There a father and mother made wills as in the case at bar, and agreed orally that the survivor should make by will to certain children disposition of the property. It was held:

"It is to be remembered, however, that the contract on the part of the father has been fully performed, and that Ann Carmichael, the mother, has received and accepted the benefits of such performance. A court of equity, under these circumstances, will not permit her to rescind this contract. If this were an oral agreement to convey lands, there is performance enough shown on the part of the father, and acceptance by Ann, to authorize a decree for specific performance of such contract. And by the same principle that would govern in such a case, the performance of the contract in the present case upon the part of the father takes the agreement out of the statute of frauds. The nonfulfillment of this contract upon the part of Ann Carmichael would be a fraud which equity will not allow."

So here, Mrs. Lugauer having performed fully the contract on her part, and she, and her husband as well, having had the affection, society and services of Mrs. Husted as a daughter in reliance upon the contract, equity will satisfy the contract by confirming the right of Mrs. Husted and those claiming under to have the property. See *Jones* v. *Ireland*, 225 Mich. 467; *Bassett* v. *Publication Society*, 215 Mich. 126 (15 A. L. R. 213); *Hogan* v. *Hogan*, 187 Mich. 278; *Ruch* v. *Ruch*, 159 Mich. 231; *Bland* v. *Bland*, 212 Mich. 549.

We have not overlooked the fact that certain testimony of Mrs. Husted of statements claimed to have been made by Mr. Lugauer, and said to indicate the existence of the contract in question, violates the opposite party rule (3 Comp. Laws 1915, § 12553), and such testimony has not been considered.

The decree is affirmed, with costs to defendants.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.