KRAUS v. VANDEVANTER.

1. GIFTS—ACCOUNTING—EVIDENCE SUFFICIENT TO SHOW GIFT.
   In a suit by sisters against their brothers and sister for an accounting for personal property alleged to belong to their deceased father's estate, evidence held, to show that said personalty belonged to defendants, having been a gift to them from their father in his lifetime.

¹Gifts, 28 C. J. §§ 82, 87.

2. SPECIFIC PERFORMANCE—EVIDENCE INSUFFICIENT TO ESTABLISH CONTRACT TO WILL FARM.

Testimony tending to establish nothing more than a father's unexecuted intention to will the farm to those of his children who remained at home and helped with the work is insufficient to establish a contract to that effect which may be specifically enforced.

3. SAME — PARTY SEEKING SPECIFIC PERFORMANCE OF CONTRACT HAS BURDEN OF ESTABLISHING ITS EXISTENCE.

To authorize a decree for specific performance, there must be a contract to enforce, and the burden is on those who seek such relief to establish such contract.

Appeal from Wexford; Lamb (Fred S.), J. Submitted October 7, 1926. (Docket No. 41.) Decided December 8, 1926.

Bill by Rosella Kraus and L. C. Elya against Homer, John, and Rowena Vandevanter for an accounting. Defendants filed a cross-bill for specific performance of a land contract. From the decree rendered, plaintiff Kraus and defendants appeal. Affirmed.

*Henry Miltner,* for plaintiff Kraus.

*Fred C. Wetmore,* for plaintiff Elya.

*Penny & Worcester,* for defendants.

FELLOWS, J. This case presents only issues of fact. William L. Vandevanter settled in Antioch township, Wexford county, in 1881. He then purchased 160 acres of land. Later he added another 40 acres. He had five children, three girls and two boys. Of the girls, plaintiffs Mrs. Kraus and Mrs. Elya married and moved away. The remaining children, defendants Homer, John, and Rowena remained with their parents and never married. At the time of the hearing Homer was 54 years old, John 52, and Rowena 48. The mother died in 1919 and the father died

---

[2]Specific Performances, 36 Cyc. p. 737; Wills, 40 Cyc. pp. 1065, 1072; [3]Specific Performances, 36 Cyc. p. 784 (Anno); Wills, 40 Cyc. p. 1072.

July 18, 1922, at the age of 82 years. Plaintiffs filed
this bill asking for an accounting by defendants for
money, bonds, and other personal property claimed by
them to be the property of the estate and held by de-
fendants. Defendants filed an answer and cross-
bill asserting the personal property belonged to them
and asking specific performance of a claimed oral
agreement to convey by will or otherwise the farm.
The trial judge decreed the personal property to be-
long to defendants, but did not find the contract es-
tablished, and decreed the farm to belong to the five
children. Mrs. Kraus and defendants appeal.

The Vandevanter family was a thrifty one. The
original 160 acres was cleared, substantial farm build-
ings erected, an additional 40 acres purchased and the
land successfully operated; $5,000 worth of timber
was sold from it. There was $3,000 of liberty bonds
laid away, about $10,000 in the bank, and the usual
stock and tools on the farm. The failure of the bank
in which the money was deposited caused a substantial
loss. The accumulation of this substantial amount
of personal property was largely due to the efforts of
the children who remained at home. The boys aided
their father, and in his declining years worked the
farm and managed the business. Rowena aided her
mother and after her death did the housework. That
the father fully appreciated this is disclosed by this
record, and that he turned over the personal property,
and all of it, no matter from what source obtained, to
the defendants before his death, we entertain no doubt.
For several years before he died the personal prop-
erty was assessed to defendants with his approval, and
he frequently stated that he had no personal property,
that he had turned it over to the defendants. The
plaintiffs' bill was properly dismissed.

While the father's statements as to the personal
property were frequent and unequivocal, his state-

ments as to the real estate were infrequent and lacking in definiteness. There is some testimony of statements by deceased which tends to establish defendants' claim, but in the main the testimony tends to establish nothing more than an unexecuted intention to make a will. This is not sufficient. To authorize a decree for specific performance, there must be a contract to enforce, and the burden is on those who ask such relief to establish such contract. It would profit no one to detail this testimony and mention will only be made of what occurred after the father's death. Defendant John, after the death of his father, filed a petition for the appointment of Homer as administrator, reciting that his father died seized of the real estate; there was some objection to the appointment of Homer and another petition with the same recital was filed praying for the appointment of one Muche as administrator. Shortly after his father's death Homer, who seems to have been the active one of the defendants, wrote Mrs. Kraus a letter in which no mention was made of the personal property, but in which he said:

"Father left no will that we know of, and you and L. C. will get an equal share of the farm. John has filed a petition in the probate court for the appointment of an administrator. * * * You no doubt will think we are starting rather soon, but we are confronted with a lot of expense in keeping the farm and buildings and fences up and paying high taxes, insurance, and so forth, and the farm has not paid out in the last three or four years, and we do not think it would be best to let it run down, and, too, you can use your money to good advantage any time."

These incidents are hardly consistent with the claims now asserted that defendants own the farm as well as the personal property, and own it by virtue of an agreement made with the deceased in his lifetime. We agree with the trial judge that defendants have

not established by a preponderance of the proofs that deceased agreed to convey the real estate.   He did give them the personal property in his lifetime and doubtless did so to compensate them for their years of toil, but did not give them the farm and it is not established that he agreed to do so.

The decree will be affirmed.   As plaintiff Mrs. Kraus and defendants have appealed, the expense of transcript and printing the record will be divided between them.   As Mrs. Elya did not appeal and the decree is affirmed as to her, she will recover costs of this court from defendants.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and MCDONALD, JJ., concurred.