NIX *v.* JENSEN.

1. Witnesses—Matters Equally Within Knowledge of Deceased —Specific Performance of Contract to Leave Property for Care and Support.

In suit by son against mother's estate and her last husband for specific performance of alleged contract of his mother to leave all her real and personal estate to plaintiff in return for his remaining "at home with her and supporting her as long as she might desire his care and support," plaintiff himself was barred by statute from testifying as to matters equally within knowledge of his mother (3 Comp. Laws 1929, § 14219).

2. Specific Performance — Evidence — Burden of Proof — Oral Contract to Leave Property.

> Mother's expressions of testamentary intent to leave bulk of her estate to son with whom she was then living, made in casual conversations with others, *held*, insufficient to sustain son's burden of proof in his suit against her estate and last husband for specific performance of alleged oral contract to leave plaintiff her entire estate in return for his agreement to remain at home with her and help support her as long as she might desire his care and support.

3. Evidence—Admissions of a Deceased Person.

> Proof of admissions of a deceased person should be received with caution and subjected to careful scrutiny.

Appeal from Marquette; Bell (Frank A.), J. Submitted October 5, 1937. (Docket No. 5, Calendar No. 39,480.) Decided November 10, 1937.

Bill by David Nix against Randolph Jensen, individually and as executor of the estate of Hannah N. Jensen, deceased, for specific performance of a contract to make a will, an injunction and other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Roscoe W. Baldwin,* for plaintiff.

*George C. Quinnell,* for defendant.

WIEST, J. Claiming that in 1924 his mother, then a widow, verbally agreed to leave him, by will, her real estate and personal property if he would "remain at home with her and help support her as long as she might desire his care and support," and that he did remain home and support her until shortly before her remarriage in July, 1933, plaintiff filed the bill herein against her estate and her last husband, to have specific performance of the agreement and cancellation of other disposition made by his mother by deed and will.

Plaintiff married in May, 1931, and took his wife to live at his mother's home. The evidence indicates that this was not a pleasant situation and led to plaintiff and his wife leaving there sometime in 1933. After he left, his mother, who had had three previous husbands, was married to defendant Jensen and they lived together until her death in April, 1936. At the time of that marriage she was about 71 years of age and the new husband about 34.

Shortly after the marriage she placed title to her real estate in herself and husband by the entireties, purchased him an automobile, joined with him in a mortgage on the property to enable him to obtain release of a mortgage upon some other property belonging to him individually, and on the 5th day of February, 1934, she executed her will bequeathing to her son John and daughter Agnes each the sum of $250, and stated in the will:

"I have not forgotten my sons Charles and David in making this will, but on account of the property that I have already given to them I feel that the disposition herein made of my property is just and equitable."

Of course, plaintiff was barred by the statute (3 Comp. Laws 1929, § 14219) from testifying to matters equally within the knowledge of his mother and, consequently, the only evidence of an alleged contract was by way of remarks of the mother, made in casual conversations with others.

The circuit judge held that such evidence, considering the relation of mother and son, did not establish the contract claimed and dismissed the bill.

Plaintiff, by appeal, contends that the court, under the evidence, should have found the contract, performance by him and defeat of his rights by machinations of the stepfather.

The record has been read and discloses that most, if not all, of the statements made by the mother were of testamentary intention and not of contract.

In 1928, she told an insurance agent that she wanted to leave the "bulk" of her property, including her home, to her son David, and he prepared a will to such effect, but it does not appear that it was ever executed. She expressed the same testamentary intent to neighbors and friends on several occasions, stating that "David was a good boy," and had given her his wages.

An attorney testified that the mother came to him in July, 1933, and complained about—

"a fight that she had with Mr. Nix, (plaintiff) or his wife. * * *

"David Nix and his wife moved out of the Jensen house a short time before July 4, 1933. Mr. Nix and his wife moved out before the marriage of Mrs. Jensen to the defendant.

"As a matter of fact I asked David to move out, representing Mrs. Nix (the mother)."

In *McInerney* v. *Detroit Trust Co.*, 279 Mich. 42, 52, we said of admissions, claimed to have been made by a deceased:

"They are concededly the most unreliable proof known to the law. Proof of admissions should be received with caution and subjected to careful scrutiny."

The burden was on plaintiff to prove the contract alleged and performance thereof on his part in order to have specific performance decreed.

Testimony of casual remarks, made by the mother, when viewed in the light of the maternal and filial relation, cannot be given sordid contract meaning rather than expressions of appreciation and gratuitous testamentary intention.

We are in accord with the findings of the circuit judge.

The decree dismissing the bill is affirmed, with costs to defendant.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.