*879 OPINION.
Tyson :
The only question presented for decision is whether under the facts in the record petitioners are entitled to deduct for estate tax purposes the claim of Daniel P. Forst in the amount of $26,957.06. There is no question but that the claim was allowed and paid by the executors of the estate and that such action of the executors was approved and authorized by the Orphans Court of Mercer County, New Jersey.
The petitioners rely upon the claim submitted to the Mercer County Orphans Court and the decree of that court approving its allowance as establishing their right to the deduction here claimed from the gross estate of the decedent. The respondent contends that the decree of the Orphans Court was in effect a consent decree; that the court did not pass on the merits of the claim, there being no objection to its allowance by any of the beneficiaries of the estate or any one else; *880 and that in any event the decree is not controlling as to whether or not the deduction claimed here should be allowed. We agree with this contention. The facts show not only that there was no contest as to the allowance of the claim, but, on the contrary, that such allowance was consented to by all of the beneficiaries' of the estate. In our opinion, the decree of the- Orphans Court is not controlling in determining the deductibility of the claim for tax purposes under the applicable statute. United States v. Mitchell, 74 Fed. (2d) 571; Edgar M. Carnrick, 21 B. T. A. 12; Estate of Hugo Goldsmith, 36 B. T. A. 1201; Estate of Julius C. Lang, 34 B. T. A. 337; affirmed in part, 97 Fed. (2d) 867; Estate of Herbert A. Schoenfeld, 37 B. T. A. 36, and authorities cited therein; cf. Glaser v. Commissioner, 69 Fed. (2d) 254; and Allie E. Nicholson, Executrix, 21 B. T. A. 795.
Our inquiry, therefore, is whether the deduction claimed by the petitioners is an allowable one from the gross estate under the applicable statute, set out in the margin.[1]
Under the terms of the agreement between decedent and his son, Daniel P. Forst, the note given by the latter in payment for the 1,500 shares of common stock was to be paid “solely” from dividends on the stock, which payments were to be first credited to the payment of interest and the balance, if any, credited on the principal- of the note. But notwithstanding this agreement Daniel P. Forst paid to the decedent during the period of July 1, 1929, and January 2, 1934, interest in the amount of $26,957.06, none of which payments, so he claims, were made from receipts by him during that period of dividends on the 1,500 shares of common stock. These payments of interest were received and accepted as such by the decedent. Under the agreement, the decedent could not have required the payment of interest on the note except from dividends received by Daniel P. Forst from the 1,500 shares of stock, but there was nothing in the agreement to prevent Daniel P. Forst from waiving the provision as to the source from which payment should be made. In our opinion, the payments of interest by Daniel P. Forst from funds not derived from dividends on the stock constituted a waiver by him of his privilege under the agreement to make such payments only from such dividends and this, together with the acceptance of such payments *881 by the deceased, effectuated a modification of the original contract with reference to such payments, under which modification payments of the interest here involved were validly made. Both parties were mutually benefited by these payments, the deceased by receiving them at an earlier date than he would have received them had he waited for payment of dividends on the stock as prescribed in the original agreement, and Daniel P. Forst, by keeping up his interest payments, could have dividends, when paid, applied to the payment of the principal and when the amoimts so applied equaled the purchase price of 100 shares these shares would be released to him by decedent, who held them as collateral security for the payment of the purchase price thereof.
A waiver may be defined as an intentional relinquishment of a known right or such conduct as warrants an inference of such intention. Words & Phrases, Fourth Series, Yol. 3, p. 825; Champion Spark Plug Co. v. Automobile Sundries Co., 213 Fed. 14; Jones v. Savin, 91 Atl. 591. It may be created by the act or conduct of the parties, Words & Phrases, Fourth Series, Yol. 3, p. 828; Jones v. Savin, supra; Murmann v. Wissler, 92 S. W. 355; Marine Iron Works v. Wiess, 148 Fed. 145, 153; Mitchell v. Kemp & Burpee Manufacturing Co., 218 Fed. 843; and where a right has been waived it can not be regained. Libby v. Haley, 39 Atl. 1004; Sanitary District of Chicago v. Chicago Title & Trust Co., 116 N. E. 161, 168.
We do not think it can be seriously contended that Daniel P. Forst made these payments under a mistake of fact and could recover them for that reason, because the terms of the agreement and the note are clear and unambiguous and not susceptible of misunderstanding.
We conclude that Daniel P. Forst had no valid and enforceable claim growing out of the interest payments here in question against the decedent or his estate within the meaning of the applicable statute. The claimed deduction, therefore, in the amount of $26,957.06, must be denied.

Decision will be entered under Bule SO.

 [Revenue Act 1926.]
Sue. 303. Eor the purpose of the tax the value of the net estate shall be determined—
(a) In the case of a resident, by deducting from the value of the gross estate— [Amendment by Revenue Act 1932, Sec. 805.]
(1) Such amounts—
[[Image here]]
(O) for claims against the estate,
[[Image here]]
* * * to the extent that they were contracted bona fide and for an adequate and full consideration in money or money’s worth. * * *