## HAMMEL *v.* FOOR.

1. CONTRACTS—AGREEMENT TO MAKE MUTUAL AND RECIPROCAL WILLS—EVIDENCE.

   An agreement between husband and wife to make mutual and reciprocal wills, whereby all of their property was to be left to the survivor and the survivor was to leave 1/2 of the property to the heirs of each, may rest in parol.

2. SPECIFIC PERFORMANCE—CONTRACT TO LEAVE PROPERTY BY WILL—BURDEN OF PROOF.

   One seeking specific performance of a contract to leave property by will has the burden of proving the contract.

3. WILLS—CONTRACT TO MAKE MUTUAL AND RECIPROCAL WILL IRREVOCABLE.

   It is the contract to make mutual and reciprocal wills, and not the wills themselves, that is irrevocable by survivor after death of one party to it.

4. SPECIFIC PERFORMANCE—CONTRACT TO LEAVE PROPERTY BY WILL—FRAUD.

   A court of equity, under its fraud and trust jurisdiction, will decree specific performance of a contract to make mutual and reciprocal wills, where the wills are made and one party receives the benefits of the other's performance.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur, Wills § 726.
Joint, mutual and reciprocal wills. 169 ALR 9.
[2, 9] 57 Am Jur, Wills § 725.
[3] 57 Am Jur, Wills § 712.
[4] 57 Am Jur, Wills § 717.
[5, 10] 57 Am Jur, Wills § 734.
[6] 12 Am Jur, Contracts § 3.
[7] 3 Am Jur, Appeal and Error § 912.
[8] 3 Am Jur, Appeal and Error § 895.
[11] 57 Am Jur, Wills § 728 *et seq.*

5. SAME—CONTRACT TO LEAVE PROPERTY BY WILL—EVIDENCE.

Testimony concerning oral agreement to leave property by will must be viewed with great caution and greater weight should attach to acts of alleged contracting parties.

6. CONTRACTS—EXPRESSION OF INTENTION.

A mere expression of intention to do something in the future does not make a binding contract.

7. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW.

The Supreme Court hears chancery cases *de novo* and gives great weight to the findings of the trial court who heard the witnesses testify, observed their demeanor on the witness stand, and who was in a better position, ordinarily, to determine the truth and veracity of their statements.

8. SAME—SPECIFIC PERFORMANCE—CONTRACT TO LEAVE PROPERTY BY WILL—EVIDENCE.

The Supreme Court on appeal in a suit for specific performance of an alleged oral contract to leave property by will has the duty of determining whether the evidence presented did clearly prove there was a contract, a meeting of the minds, an agreement based upon a sufficient consideration and such acts of part performance as to remove the parol agreement from the operation of the statute of frauds (CL 1948, § 566.106).

9. SPECIFIC PERFORMANCE—CONTRACT TO LEAVE PROPERTY BY WILL—EVIDENCE.

No presumption will be indulged in favor of the execution of alleged contract to leave property by will, since, regardless of the equities of the case, the courts cannot make a contract for the parties when none exists, the burden of establishing such a contract resting on plaintiffs seeking to enforce it.

10. SAME—CONTRACTS—EVIDENCE—UNEXECUTED INTENTION.

Proof of an unexecuted intention to leave property by will is insufficient to warrant a decree of specific performance as a contract must be proved.

11. SAME—CONTRACT TO LEAVE PROPERTY BY WILL.

Record in suit for specific performance of alleged contract to make mutual and reciprocal wills *held,* to have failed to sustain trial court's findings that such contract existed, there being proof at most of an unexecuted intention but no execution of a will by either party to the alleged contract, no benefit received by the survivor, and no fraud committed by him against the deceased, nor evidence of part performance taking the contract out of the statute of frauds (CL 1948, § 566.106).

Appeal from Saginaw; O'Neill (James E.), J. Submitted January 13, 1960. (Docket No. 61, Calendar No. 48,241.) Decided April 11, 1960. Rehearing denied June 7, 1960.

Bill by Jeanette Hammel, individually and as administratrix of the estate of Caroline Dupraw, deceased, Marion Shaw, and 3 others claiming to be devisees and legatees of Albert Dupraw, against Florence H. Foor, individually and as administratrix of the estate of Albert Dupraw, deceased, Clarence W. Dupraw, and Delena Krapohl for specific performance of oral contracts to make a will. Decree for plaintiffs, with amended decree directing distribution by Florence H. Foor, administratrix, in accordance with a written memorandum made by deceased. Defendants Dupraw and Krapohl appeal. Reversed and remanded for dismissal of bill.

*Harold J. Egloff,* for plaintiffs.

*Derrick C. Eaton,* for defendants Dupraw and Krapohl.

KAVANAGH, J. Plaintiffs filed a bill for specific performance of 2 alleged oral contracts. They claimed to be the beneficiaries of an oral contract between Albert Dupraw and Caroline Dupraw, his wife, both deceased, to make mutual and reciprocal wills giving their property to each other and then 1/2 to specified heirs of each. They further claimed as beneficiaries of an oral contract by Albert Dupraw to leave property to the plaintiffs by will in exchange for the personal services of Marion Shaw, one of the plaintiffs.

It is admitted that Albert Dupraw and Caroline Dupraw were husband and wife, that Caroline Dupraw died on the 28th day of April, 1956, and that Albert Dupraw died on the 22d day of May, 1956, both

intestate. It is also admitted the heirs at law of Caroline Dupraw were her husband Albert Dupraw, as to 1/2 of her estate, and the plaintiffs herein in their individual capacities as to the other half of her estate. It is further admitted the heirs at law of Albert Dupraw at his death were the defendants herein.

Plaintiffs claim the oral agreement between Albert and Caroline Dupraw was made on or about March 15, 1956, in Bradenton, Florida. Testimony was offered that on that date Mr. and Mrs. Dupraw, in the presence of E. F. McNally and Mrs. McNally, discussed the disposition of their property; that they agreed with each other that when they got back to Saginaw, Michigan, they would make mutual and reciprocal wills or a joint will leaving their property to the survivor, on the death of the survivor to be divided 1/2 to Caroline's side of the family and 1/2 to Albert's side of the family. However, Mr. McNally testified that the share to go to Albert's side of the family was to be divided in some fashion by which one heir was to get not more than $1 and a trust was to be set up, for the benefit of defendant Florence H. Foor's son. Further testimony was offered that after the statement was made by Albert that he would make a will to that effect, Caroline agreed to make a will leaving all of her property to her husband, at his death to be divided in the fashion previously described.

David E. Young testified for plaintiffs, saying he was well acquainted with the Dupraws, that they had often discussed the disposition of their property in front of him, and that they were going to divide it down the middle. Mr. Young admitted no oral contract was made in his presence. Mrs. Young testified to the same general effect.

At the time the alleged agreement was made, Caroline Dupraw was not well. After she and her husband returned from Florida, Caroline appeared

to be somewhat improved in health but did nothing about making a will prior to her death on April 28, 1956.

Subsequent to Caroline's death, Albert, on or about May 21, 1956, appeared at the office of Maurice W. Lamson, an attorney, of Saginaw, Michigan, and talked with Mr. Lamson with reference to making a will. Apparently, Mr. Dupraw made no mention of an agreement in his conversation with Mr. Lamson, but had in his possession a paper which indicated a desire to have his wife's family share with his own family in his estate. Following a discussion of the legal import of this paper and whether or not it would constitute a will, Mr. Lamson advised Mr. Dupraw that he did not feel that it would. The hour was late, the office was clearing out, the secretary was going home, and Mr. Lamson asked Mr. Dupraw, "Why don't you come back in a day or two?" Mr. Dupraw indicated that would be satisfactory and left the office. The next day he died without having made a will.

The second oral agreement which plaintiffs relied upon was set forth in paragraph 7 of plaintiffs' bill of complaint, and was again set forth in plaintiffs' opening statement, and is to the effect that Albert Dupraw, after the death of his wife Caroline, promised Marion Shaw that if she would take care of him he would leave 1/2 of his estate to her and to the other plaintiffs. Despite the fact no one testified in support of these allegations, the trial court found in his opinion that such agreement was proven.

Upon the completion of the trial, the trial court found plaintiffs had established that on or about March 15, 1956, Albert Dupraw and his wife, Caroline, while vacationing in Bradenton, Florida, agreed to make mutual and reciprocal wills and agreed to the specific terms thereof.

The court further found that after Caroline Dupraw's demise, Albert Dupraw made an oral agreement with Marion Shaw, one of the plaintiffs herein, by which he would fulfill the terms of the agreement with his deceased wife, Caroline, if Mrs. Shaw would continue to care for him and his home and perform for him the same services which she had performed for him and his deceased wife for the past 25 years. The court further found that Marion Shaw agreed to and did perform such services until Albert Dupraw died.

The court granted a decree of specific performance of the contract between Albert Dupraw and Caroline Dupraw. It also found that Albert Dupraw, after the death of his wife, entered into a contract with Marion Shaw on or about the 29th day of April, 1956, and granted specific performance of that contract. This decree was filed and entered December 1, 1958. Claim of appeal to this Court was filed March 20, 1959.

On April 13, 1959, the trial court entered an amended decree ordering defendants Florence H. Foor, as administratrix of the estate of Albert Dupraw, deceased, Florence H. Foor, individually, Delena Krapohl, and Clarence W. Dupraw to specifically perform the contracts or agreements entered into by Albert Dupraw and Caroline Dupraw and the agreement between Albert Dupraw and Marion Shaw. The amended decree also ordered that the defendant Florence H. Foor, as administratrix of the estate of Albert Dupraw, deceased, distribute 1/2 of the estate, real, personal, and mixed, to the plaintiffs, after the expenses of administration are first deducted. It further ordered that said administratrix hold as trustee for the benefit of plaintiffs the said 1/2 of the estate, and that the remaining 1/2 be distributed to defendants in accordance with the terms and provisions of the instrument written

by Albert Dupraw on May 20, 1956, by which Albert had ineffectively attempted to dispose of his property.

Defendants Clarence W. Dupraw and Delena Krapohl appeal to this Court claiming: first, there was no evidence of an oral contract to leave property by will, with part performance in consideration thereof, to support the finding of the court; second, the court erred in finding an oral contract to make mutual and reciprocal wills, where it is admitted that no wills were made; third, there was no evidence to support the finding of the court of an oral contract to make mutual and reciprocal wills, whereby the court could grant specific performance; fourth, the trial court did not have jurisdiction to amend its original decree after claim of appeal had been filed and where no application for rehearing had been timely filed; and fifth, the trial court erred in granting specific performance to one of the defendants where it was not prayed for and not authorized by the pleadings.

Plaintiffs and appellees admit in their brief that the contract between Marion Shaw and Albert Dupraw was not proven during the trial of the cause and therefore leave for consideration of this Court only the alleged oral agreement made in Florida. An agreement of the character herein questioned may rest in parol. *Smith* v. *Thompson,* 250 Mich 302 (73 ALR 1389); *Salsbury* v. *Sackrider,* 284 Mich 493; *Eicholtz* v. *Grunewald,* 313 Mich 666; *Phelps* v. *Pipher,* 320 Mich 663. One seeking specific performance of an oral agreement to leave property by will has the burden of proving the contract. *Nix* v. *Jensen,* 282 Mich 195; *Kraus* v. *Vandevanter,* 237 Mich 168; *In re Cramer's Estate,* 296 Mich 44; *Applebaum* v. *Wechsler,* 350 Mich 636; *Betterley* v. *Granger,* 350 Mich 651.

It is the contract to make the will, not the will itself, which is irrevocable. A court of equity under

its fraud and trust jurisdiction will decree specific performance of a contract to make the will, where wills are made and where one party receives the benefits of the other's performance. To refuse to decree specific performance on the part of the person who has accepted the benefits would be a fraud which equity will not allow. *Keasey* v. *Engles,* 259 Mich 178; *Lugauer* v. *Husted,* 228 Mich 76.

In *Paris* v. *Scott,* 267 Mich 400, Mr. Justice FEAD, writing for this Court and dealing with an oral agreement to leave property by will, said (pp 403, 404):

"In cases of this kind, the testimony of witnesses must be viewed with great caution, because of the frailties of memory, the improbability of repeating the precise language of a person since deceased, of fairly expressing the full state of mind of such person, and because the change of a word may mean the difference between a binding contract and a mere expression of intention. Care must also be taken lest the court, out of considerations of equity or sympathy, make a contract for the parties where none existed, even though such contract might or would express their desires. Where the alleged contracting parties cannot testify, their acts loom large as compared with what witnesses say they said."

Justice FEAD then went on to say that the conversations relied upon were merely expressions of intention rather than a contract.

This Court in *Elmer* v. *Elmer,* 271 Mich 517, at p 520, through Justice EDWARD SHARPE, said:

"However, a mere expression of intention to do something in the future does not make a binding contract. *Paris* v. *Scott,* 267 Mich 400. 'Care must also be taken lest the court, out of considerations of equity or sympathy, make a contract for the parties where none existed, even though such contract might or would express their desires.' *Paris* v. *Scott, supra.*"

This Court has many times stated that in cases of this kind, appeal from a chancery decree, we hear the case *de novo* and in such case give great weight to the findings of the trial court, who had the opportunity to hear the witnesses testify, observe their demeanor on the stand, and who ordinarily is in a better position to determine the truth and veracity of their statements than is the appellate court which must rely upon a cold printed record. Nevertheless, our duty calls for a review of the testimony to determine whether the evidence presented did clearly prove there was a contract, a meeting of minds, an agreement based upon a sufficient consideration, and such acts of part performance as to remove the parol agreement from the operation of the statute of frauds.*

The burden is on plaintiffs to show the existence of the contract sought to be enforced, and no presumption will be indulged in favor of the execution of a contract since, regardless of the equities in a case, the courts cannot make a contract for the parties when none exists. *Eicholtz* v. *Grunewald,* 313 Mich 666; *Phelps* v. *Pipher,* 320 Mich 663; *Bailey* v. *Bailey,* 321 Mich 166.

An examination of the entire record discloses no testimony from which proof of an oral agreement can be found. The testimony of E. F. McNally and his wife on behalf of the plaintiffs established at best only that Albert and Caroline Dupraw wanted to make mutual and reciprocal wills when they arrived back in Saginaw, Michigan. The details of how their property was to be distributed are so indefinite that no court could draw a conclusion as to exactly how they desired their property to be disposed of. Amounts were unspecified. There was testimony by Mr. McNally that the Dupraws did not agree as to

---

* See CL 1948, § 566.106 (Stat Ann 1953 Rev § 26.906).—REPORTER.

specific sums to go to the respective defendants. David E. Young, another witness for plaintiffs, did not testify in support of an oral contract or agreement, but merely indicated that it was the intention of the Dupraws to leave their property divided down the middle. This intention was never carried out.

Proof of an unexecuted intention is insufficient to warrant a decree of specific performance. A contract must be proved. In this case no benefit accrued to Albert Dupraw by reason of the intended execution of a will by Caroline Dupraw, since none was made. In all cases in which this Court has decreed specific performance of an oral agreement to leave property by mutual and reciprocal wills, such wills had been executed by the parties or there had been part performance by one party which took the contract out of the statute of frauds, requiring equity to enforce the agreement to prevent the party refusing to perform to unjustly benefit and thereby commit a fraud against the deceased party. No such factors or performance exist in the instant case.

Considering the record in a light most favorable to plaintiffs, it fails to support the findings of the trial court.

The decree is reversed, and the matter is remanded to the circuit court for entry of a decree dismissing plaintiffs' bill of complaint, with costs to appellants.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and SOURIS, JJ., concurred.